**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**
**CIVIL ACTION NO. 5:06CV-P34-R**

**ROBERT LEE THOMAS, JR.**                                                                    **PLAINTIFF**

**v.**

**McCRACKEN COUNTY** *et al.*                                                                **DEFENDANTS**

**MEMORANDUM OPINION**

While incarcerated as a pretrial detainee in the McCracken County Jail, Plaintiff Robert Lee Thomas, Jr., filed a *pro se* complaint pursuant to 42 U.S.C. § 1983.[1]  This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons that follow, the instant action will be dismissed.[2]

**I. SUMMARY OF CLAIMS**

Plaintiff brings this action against McCracken County, the McCracken County Jail, and Charles Holt, a supervisor at the McCracken County Jail.  He sues Defendant Holt in his official and individual capacities.

In the form complaint and the ten-page, handwritten memorandum attached to it, Plaintiff recounts various incidents occurring throughout his life.  Some recollections are personal and involve his mother, others involve "dope gangsters," while others involve various law

---

[1] Per the record, Plaintiff was released from the McCracken County Jail around May or June 2006 (DN 16).

[2] Plaintiff also filed a motion to amend (DN 9).  Pursuant to Sixth Circuit case law, however, "'courts have no discretion in permitting a plaintiff to amend a complaint to avoid a sua sponte dismissal.'" *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997)).  Because the instant complaint is being dismissed *sua sponte* under 28 U.S.C. § 1915A, the Court will not consider the motion to amend.

enforcement personnel.  Plaintiff further recounts various incidents occurring at the McCracken County Jail in the distant past.  For instance, he reports that he was stabbed in the heart with an ice pick while incarcerated at the jail in the 1970's.  Plaintiff also describes an incident involving Defendant Holt during an arrest in 1997, at which time Plaintiff claims, "Holt hit me with a twisted tire iron tire tool stolen from trunk of my car in 1987 along with $400.00 worth of groceries, forced at gunpoint to sign title to mobile home and entire back of checks."  Additionally, various persons, claims Plaintiff, have attempted to murder him (and often near his birthday).

More recently, Plaintiff reports that on January 28, 2006, an unidentified arresting officer "tazered me 5 times (torture) hit me with locked handcuffs to tear bottom lip all the way through and chipped two teeth (with nail) while being electrocuted unconcious, carried by hand cuffs, hands still numb a month later."  Plaintiff alleges that while in the McCracken County Jail, Defendant Holt put him in an isolation cell for complaining of chest pains; that his heart medicine caused him "an unbearable sickly HEADACHE every day"; that he had an irregular heart rhythm and chest pains; that he "suffer[ed] terrorizm from sociopathic inmates who are vicious, criminally insane"; and that jail nurses refused to call the V.A. Hospital or a toll-free number to find out whether his pacemaker was defective, after he informed them that he had seen a lawyer advertisement reporting that a particular type of pacemaker had been recalled.

As relief, Plaintiff asks for the following:  "'all' was stolen. still trying to cause my death.  'ALL' Charles Holts' and McCracken Countys money. Jailer Holts arrest."

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, this Court must review the instant action.  28 U.S.C. § 1915A ("The court shall review, . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."); *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997).  Upon review, this Court must dismiss "the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  § 1915A(b).

A complaint may be dismissed as frivolous under § 1915A if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).  In reviewing a complaint under this standard, the Court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to the plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## III. ANALYSIS

Most of the allegations raised in Plaintiff's complaint occurred well over a year prior to Plaintiff's filing of the complaint on March 13, 2006, the date on which Plaintiff certified that he delivered the complaint to the prisoner mail system for mailing.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that a *pro se* prisoner's notice of appeal on habeas corpus review is

deemed filed on the date that it is turned over to prison officials for transmittal to court); *Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002) (applying the mailbox rule "to civil complaints filed by pro se petitioners incarcerated at the time of filing"). As those claims fall outside the applicable one-year limitations period applicable to § 1983 actions, *see Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990) (concluding that in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. Ann. § 413.140(1)(a)), those claims are time barred and will be dismissed as frivolous.

As to Plaintiff's timely allegations, none survive initial review under 28 U.S.C. § 1915A. First, the McCracken County Jail is not an entity subject to suit. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (noting that the county police department is not an entity which may be sued); *Ferguson v. Dallas County Jail*, No. 3:96-CV-2939-D, 1997 WL 86459, at *1 (N.D. Tex. Feb. 26, 1997) (county jail lacks separate jural existence and is not a separate entity subject to suit). The claims against the jail must therefore be dismissed as frivolous.

Second, while McCracken County is amenable to suit under § 1983, Plaintiff has failed state a claim against that municipal Defendant. To explain, when a § 1983 claim is made against a municipality, a plaintiff must "identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (citation omitted). Here, Plaintiff has failed to allege the existence of a governmental policy or custom relative to the nature of his complaints and claims, and nothing in the record demonstrates that the alleged injuries to Plaintiff resulted from application of a county policy or custom. Because Plaintiff fails to

demonstrate a basis of liability against McCracken County, the claims against the county will be dismissed.

Third, Plaintiff has failed to demonstrate that Defendant Holt's actions rose to the level of a constitutional violation. Because Plaintiff was a pretrial detainee, the Eighth Amendment's proscription against cruel and unusual punishment does not apply to him. *Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001). "Under the Fourteenth Amendment Due Process Clause, however, pretrial detainees have a right to adequate medical treatment that is analogous to the Eighth Amendment rights of prisoners." *Id.* at 685-86. In order for a claim to rise to the level of an Eighth Amendment violation, "a prison official must know of and disregard an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994) (citations omitted).

In the instant case, Plaintiff alleges only that in December 2005, Defendant Holt placed him "in an isolation cell on cold floor for complaining of chest pain after inmates MACY WALKER and his vicious queer boyfriends tormented and terrorized me about once trying to press changes on his possibly combination mother, sister, aunt, all one person, when I was taken out of town to her trailer and beat up by her daughters' cousin-husband." Plaintiff does not allege that he asked Defendant Holt for medical attention, that he was denied medical treatment as a result of the placement in an isolation cell, that he continued to complain of chest pain to Defendant Holt, the length of time he was in an isolation cell, or that he suffered any detrimental effect from being placed in the cell. *See generally Blackmore v. Kalamazoo County*, 390 F.3d

5

890, 898 (6th Cir. 2005) (finding that an inmate "must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed.") (citations omitted). Plaintiff's placement in an isolation cell does not demonstrate that Defendant Holt knew of and disregarded an excessive risk to Plaintiff's health or safety. To be sure, based on Plaintiff's statement that he was being "tormented and terrorized" by other inmates, it appears that Defendant Holt did just the opposite in placing Plaintiff in an isolation cell. For these reasons, the claims against Defendant Holt will be dismissed for failure to state a claim upon which relief may be granted.[3]

Finally, while Plaintiff raises other allegations occurring within the one-year period preceding the filing of the complaint, he fails to name any other person or entity as a defendant, and he fails to demonstrate involvement by any of the named Defendants in those allegations. Because a complaint filed under § 1983 must show a causal connection between the named defendants and the alleged constitutional deprivation, *Deaton v. Montgomery County*, 989 F.2d 885, 889 (6th Cir. 1993), those remaining claims will be dismissed for failure to state a claim upon which relief may be granted.

---

[3]Furthermore, to the extent Plaintiff seeks Defendant Holt's arrest, "[i]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973). And the "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also Williams v. Luttrell*, No. 03-5950, 2004 WL 1193955, at *2 (6th Cir. May 27, 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts.").

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:  Plaintiff, *pro se*
     Defendant Holt
     McCracken County Attorney
4413.005